UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS S KLUTTZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-2009 |
| | § | |
| WORLDPAC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.       INTRODUCTION

Pending before the Court is the defendant's, WORLDPAC, Inc.   (the "defendant")
motion to dismiss the plaintiff's amended complaint brought pursuant to Rules 12(b)(1) and
12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 28).  The plaintiff, Thomas S. Kluttz
(the "plaintiff"), proceeding *pro se*, has filed a response (Dkt. No. 29) and the defendant has filed
a reply.  (Dkt. No. 31).  Having carefully reviewed the parties' submissions and the applicable
law, the Court determines that the defendant's Rule 12(b)(1) motion to dismiss the plaintiff's
amended complaint should be GRANTED; the defendant's alternative challenge, brought
pursuant to Fed. R. Civ. P. 12(b)(6), is DENIED as moot.

### II.      FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, a 60-year old white male, started working for the defendant in August of
2005 and remained in its employ until his termination on May 15, 2011.  At the time of his
termination, the plaintiff worked as a branch operations manager at the defendant's Houston
facility.   Subsequent to his termination, the plaintiff contacted the Equal Employment
Opportunity Commission ("EEOC") and initiated a discrimination complaint based on age, sex,

and retaliation.  He reported to the EEOC that, at the time of his termination, he was the only male supervisor and the oldest manager in the defendant's Midwest division.  The plaintiff claimed that he was terminated because he was an older male, and that a younger female replaced him.  According to the plaintiff, this resulted in an all-female management staff.  He also alleged that the defendant showed an obvious and distinct pattern of terminating older males.  To support his claim, he identified by name other older males that had been similarly terminated.  The plaintiff further alleged that he was retaliated against because he reported a harassment issue between coworkers.  He maintains that the defendant's human resources department mishandled the harassment complaint and blamed him for its mishap in an attempt to legitimize his termination.

In his follow-up correspondence to the EEOC, the plaintiff alleged that older males were being terminated because they were high-risk targets for minority complaints.  The plaintiff added that the defendant had a mission to create a derogatory view of older male managers, which fostered a discriminative environment against older men.  Finally, the plaintiff accused the defendant of creating and embellishing employee misconduct in order to justify terminating its older male employees.

In a letter dated April 3, 2012, the EEOC responded to the plaintiff's charge of discrimination with the following findings:  (1) the plaintiff was terminated because of his mishandling of a personnel matter; (2) no other female manager in the company was treated better than the plaintiff; (3) no retaliation had occurred because the plaintiff never complained to the defendant of disparate treatment prior to his termination; (4) evidence showed that only two of the ten branch managers were females; (5) only two of the ten branch managers were younger than forty; and (6) no evidence was found that older males were being systematically terminated

without reason.  Accordingly, on April 5, 2012, the EEOC issued a "Dismissal and Notice of Rights" letter to the plaintiff advising him that, based upon its investigation, it was unable to conclude that his charge of discrimination proved a statutory violation and further informing him of his right to commence a lawsuit within 90 days from the date of receipt of its letter.  The plaintiff claims to have received the EEOC's letter on April 7, 2012.

Thereafter, on April 3, 2013, and again on May 16, 2013, the plaintiff sought reconsideration of his charge before the EEOC.  He alleged, without elaborating further, that his charge was incorrectly rewritten.  He also claimed that he had supplementary evidence supporting his claims.  The EEOC denied his requests for reconsideration, responding that no new substantial evidence or persuasive arguments had been made by him.

On July 5, 2012, the plaintiff timely filed suit against the defendant under Title VII of the Civil Rights Act of 1964, alleging claims of retaliation, defamation, age and sex discrimination.  Thereafter, the defendant filed a Rule 12(b)(6) motion to partially dismiss the plaintiff's original complaint alleging that the plaintiff's defamation claim failed to state a plausible claim for relief.  (Dkt. No. 3).  On October 9, 2012, the Court entered an Order granting the defendant's motion to dismiss the plaintiff's defamation claim.  (*See* Dkt. No. 10.)  On June 28, 2013, the plaintiff filed an amended complaint adding a disparate impact claim based on age and race.  The defendant now moves to dismiss the plaintiff's amended complaint alleging that the plaintiff failed to exhaust his administrative remedies with respect to his disparate impact claim.  Alternatively, the defendant contends that the plaintiff's disparate impact claim should be dismissed for failure to state a claim.

III.    **CONTENTIONS OF THE PARTIES**

   A.    **The Defendant's Contentions**

The defendant moves this Court to dismiss the plaintiff's Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  As a threshold matter, it intimates that the plaintiff's amended complaint superseded his original complaint, which includes claims of defamation, retaliation and disparate treatment premised on age and sex.  It argues that the plaintiff's amended complaint, which solely alleges a disparate impact claim, should be dismissed under Rule 12(b)(1) because the plaintiff failed to exhaust his administrative remedies with regard to this claim.  Specifically, it contends that the EEOC never investigated a disparate impact claim on the plaintiff's behalf and, therefore, the Court lacks jurisdiction to now adjudicate the claim.  Alternatively, the defendant contends that the plaintiff's amended complaint should be dismissed under Rule 12(b)(6) because it fails to sufficiently plead an essential element of a disparate impact claim—a neutral employment policy or practice.

   B.    **The Plaintiff's Contentions**

The plaintiff argues that his original and amended complaints should not be dismissed because he has pleaded sufficient facts to support his claims.  He also contends that he exhausted his administrative remedies respecting his disparate impact claim because a disparate impact investigation could have naturally grown from his EEOC charge.  Accordingly, the plaintiff argues that the defendant's motions to dismiss should be denied.

IV.    **STANDARDS OF REVIEW**

   A.    **Legal Standard Under Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "If [a federal] court determines at any time that it lacks subject-matter

jurisdiction, [it] must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.")  Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims.  *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.")  In making its ruling, the court may rely on any of the following:  "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

**B.      Legal Standard Under Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true."  *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007).  Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964).  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)).

In *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail.  *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

C.     **Exhaustion Requirement Under Title VII**

Title VII precludes an employee from bringing a lawsuit against its employer without first exhausting the administrative remedies available.  *McClain v. Lufkin, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).  To exhaust Title VII remedies, the plaintiff must:  (1) file a discrimination charge with the EEOC; and (2) the EEOC must conclude their investigative efforts.  *Id.*  "The exhaustion requirement must be construed liberally to aid the unsophisticated pro se claimant." *Gordon v. Peters*, 489 F. Supp.2d 729, 731 (S.D. Tex. 2007) (citation omitted).  The claimant's charge need not be specific or establish a prima facie case.  *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006).  Nonetheless, courts must keep in mind that one of Title VII's primary purposes is to trigger the investigatory and conciliatory process of the EEOC in an effort to keep discrimination claims outside the courts.  *Pacheco*, 448 F.3d at 788 - 89.  Claims alleged in the charge, or those that could have reasonably grown out of the charge, will be considered exhausted.  *Id.* at 789.  In making the exhaustion determination, courts engage in a fact-intensive analysis and look beyond the four corners of the charging document.  *McClain*, 519 F.3d at 273

(citation omitted).  The scope of the EEOC investigation is *pertinent* to the court's exhaustion

inquiry.  *McClain*, 519 F.3d at 274 (citation omitted) (emphasis added).

## V.      ANALYSIS AND DISCUSSION

### A.      The Plaintiff's Live Pleading

In this case, the defendant moves to dismiss the plaintiff's amended complaint alleging,

at least by implication, that it supplants his original complaint as well as those claims contained

therein.  This Court disagrees and determines that the plaintiff's amended complaint does not

supersede his original complaint.   It is well-established law in the Fifth Circuit that "[a]n

amended complaint supersedes the original complaint and renders it of no legal effect [except

when] the amended complaint specifically refers to and adopts or incorporates by reference the

earlier pleading."  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).  In the first page of his

amended complaint, the plaintiff states that his amended complaint is "in addition" to his original

complaint.  This notation expressly incorporates by reference the plaintiff's original complaint.

Thus, in light of the liberal pleading standard afforded to *pro se* litigants, such as the plaintiff, the

Court determines that the plaintiff has specifically referred to and incorporated his original

complaint into his amended complaint and, as such, his retaliation and disparate treatment claims

premised on age and sex remain before the Court

### B.      The Plaintiff's Exhaustion of Administrative Remedies

Additionally, the defendant moves to dismiss the plaintiff's disparate impact claim, the

sole claim alleged in the plaintiff's amended complaint, asserting that the plaintiff failed to

exhaust his administrative remedies with regard to this claim.  Because the Court finds that the

plaintiff failed to exhaust his administrative remedies with regard to his disparate impact claim, it

grants the defendant's Rule 12(b)(1) motion to dismiss the plaintiff's disparate impact claim.

In order to establish disparate impact discrimination, the plaintiff must identify a neutral employment practice that causes a proportionally adverse effect on a protected class. *McClain*, 519 F.3d at 275 (citing *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988)); *see also Pacheco*, 448 F.3d at 791. "A neutral employment policy is the cornerstone" of the EEOC's investigation of disparate impact claims because the agency "must evaluate both the policy's effects on protected classes and any business justifications for the policy." *Pacheco*, 448 F.3d at 792. Numerous courts within the Fifth Circuit have issued rulings involving disparate impact exhaustion. *See Fine v. GAF Chem. Corp.*, 995 F.2d 576 (5th Cir. 1993) (dismissing a disparate impact claim for failure to exhaust where plaintiff alleged events from a time period later than what she described in her official charge of discrimination); *Williams v. KB Home*, No. 3:12-CV-139, 2013 WL 1574166, slip op. at *1 (S.D. Tex. April 12, 2013) (dismissing a disparate impact claim when plaintiff failed to include any information that could lead the EEOC to broaden the charge); *Grace v. Bank of Am.*, No. 303CV1294D, 2003 WL 23095993 at *1 (N.D. Tex. Dec. 23, 2003) (dismissing disparate impact claim because the charge was not sufficiently like or related to a disparate impact claim); *Reedy v. Citgo Petroleum Corp.*, No. H-10-2971, 2011 WL 797498 at *1 (S.D. Tex. Feb. 28, 2011) (holding that a disparate impact claim was exhausted when the plaintiff referenced defendant's policy for paying bonuses); *Gomes v. Avco*, 964 F.2d 1330 (2d Cir. 1992) (holding that the plaintiff's EEOC charge referencing an eight-years of experience promotion policy was sufficient to prompt a disparate impact investigation).

The present case is analogous to *Pacheco*. *See Pacheco*, 448 F.3d 783, 791 - 92. In *Pacheco*, the plaintiff complained of racial discrimination at work. *Pacheco*, 448 F.3d at 786. The plaintiff brought claims premised on disparate treatment and disparate impact theories. *Id.* at 787. Ultimately, the court affirmed the district court's Rule 12(b)(1) dismissal of the

plaintiff's disparate impact claim.  *Id.* at 792.   The court found that a disparate impact investigation could not have reasonably grown from the plaintiff's charge because:  (1) it facially alleged disparate treatment; (2) it failed to identify a neutral employment policy; and (3) it alleged only past incidents of disparate treatment.  *Id.*

Applying *Pacheco*'s reasoning to the present case yields strikingly similar results.  Here, as in *Pacheco*, the plaintiff's charge facially alleges only disparate treatment.  Moreover, the plaintiff's communications with the EEOC reflect only allegations of retaliation, sex, and age discrimination.  More importantly, the plaintiff fails to identify, either directly or indirectly, a neutral employment policy or practice.  The plaintiff does, however, mention that the defendant exhibited a practice of terminating older males because of their high-risk for lawsuits. Nevertheless, even under the most liberal of interpretations, an employer's practice of systematically terminating older male employees is neither neutral nor an employment policy. Furthermore, during the course of his communications with the EEOC, the plaintiff never once referenced an email, memo, conversation, or employee manual provision that could have reasonably led the EEOC to investigate a neutral employment policy or practice.

The scope of the EEOC's investigation in this case further strengthens the conclusion that the EEOC never looked into the plaintiff's disparate impact claim.  The EEOC's findings in this case expressly referred to a disparate treatment investigation.  Although the plaintiff did identify other employees who had allegedly been terminated because of their age and sex, his reference to other employees who were similarly affected, without more, was insufficient to broaden the EEOC's investigative scope.  *See Pacheco*, 448 F.3d at 790 (citing *Woodman v. WWOR-TV*, 293 F.Supp.2d 381, 390 (S.D.N.Y. 2003)) (it is not enough that the plaintiff alleges that other employees were affected when a neutral employment practice is not also identified); *Williams*,

2013 WL 1574166 at *2 - *3 (identifying a protected group without referencing a neutral policy was insufficient to exhaust a disparate impact claim); *Gordon*, 489 F. Supp. 2d at 736 (holding that allegations that other women had been treated discriminatorily was insufficient to broaden the scope of the complaint).

Finally, in his amended complaint, the plaintiff bases his disparate impact claim on race and sex discrimination.  The EEOC could not have reasonably investigated a disparate impact claim partly based on race because race was never a part of the plaintiff's official charge of discrimination.  Even though the plaintiff alleged a claim of sex based discrimination, the mere assertion of a sex based discrimination claim, without more, would not have been enough to trigger a disparate impact investigation premised on race.  *See Pacheco*, 448 F.3d at 790 - 92; *see also Gordon*, 489 F. Supp. 2d at 735 - 37 (dismissing sex based disparate impact claim for failure to exhaust when the EEOC charge only alleged sex based disparate treatment).  In sum, because the substance of the plaintiff's disparate impact claim cannot be ascertained from the factual allegations contained in his official charge of discrimination filed with the EEOC, the Court finds that the plaintiff's allegations to the EEOC would not have reasonably triggered a disparate impact investigation because: (1) the plaintiff's charge and allegations facially alleged only disparate treatment and retaliation; (2) a neutral employment policy or practice was not directly or indirectly identified; and (3) the scope of EEOC's findings was expressly limited to a disparate treatment and retaliation investigation.  Accordingly, the Court determines that the plaintiff failed to exhaust his administrative remedies with respect to his disparate impact claim and the defendant's Rule 12(b)(1) motion to dismiss this claim is GRANTED.

VI.     CONCLUSION

Based on the foregoing analysis and discussion, the Court finds that the plaintiff's disparate impact claim alleged in his amended complaint fails due to his failure to exhaust his administrative remedies with regard to it.  Therefore, the Court GRANTS the defendant's Rule 12(b)(1) motion to dismiss the plaintiff's amended complaint.  The defendant's alternative Rule 12(b)(6) challenge to the plaintiff's disparate impact claim is DENIED as moot.  As such, only the plaintiff's claims for retaliation and disparate treatment premised on sex and age remain.

It is so **ORDERED**.

SIGNED on this 19th day of December, 2013.

Kenneth M. Hoyt
United States District Judge